Freeman, J.,
delivered the opinion of the court:
This case is really a contest between Logan, who holds the judgment on -which an execution was issued and levied on certain stock in the railroad company for a debt due from W. C. Kyle, recovered in January,-1874, in Hawkins county circuit court. Shields & Fulkerson disclaim any personal interest in the matter, but permit their names to be used as a matter of form.
The facts raising the leading question in the case are, that John R. Branner, in 1865, being president of the railroad- company, transferred to Kyle forty shares of stock in the company, to enable him to act as a director. The old certificates were taken up and new issued to Kyle. This transfer was without consideration, and Branner really remained the equitable owner of the stock as between himself and Kyle, as was well understood between them, Branner receiving the dividends in his lifetime, and his estate since. He died in 1869. In March,. 1873, Kyle assigned the stock certificates to Branner’s executors, thus returning what he did not claim any right to, but no transfer was made on the books in accordance with .this assignment; It is seen this assignment was made some time before the judgment of plaintiff was obtained. The note on which it was had, was, however, of date before the assignment by-Kyle. An execution on this judgment was issued to Knox county, levied on the stock how in controversy, and soldi The original bill was filed to compel the transfer of thé stock on the books of the company, the secretary declining to make the transfer, because of knowledge that Branners executors claimed the stock. The company filed an answer, and made it a cross bill in the nature of an interpleader, asking that Branner’s executors be made parties, and the title settled for its safety. No objection is made by Bran-ner’s executors, and they answer, stating the facts, and *80 claiming tlie shares. Shields & Fulkerson are parties to this cross bill, as a matter oí course.
An agreed case.was nia.de between the attorney of Logan, the real party in the original bill, and E.. W. Barton, attorney of Br aimer’s executors, which concludes with the statement that it might be considered that Branner’s executors had moved to be made parties to the original bill, and the court should act on their motion as though formally made, and if the court -is of the opinion they are entitled -to have themselves made parties, the court shall treat them as .such.
We do not deem it important to settle the question as to whether the court properly refused the motion to allow the executors to be made parties or not. They -were parties to the bill of interpleader of the company, no objection made to it, and the court was called on to settle the title for the protection of the company, and as all parties necessary to determine the question were before the court, their rights were necessarily involved, and to be determined on the final hearing. The mere matter of form in the proceeding cannot be material on that issue, as the substantial matters involved between the parties was clearly presented before the court.
We think it clear the executors of Branner have the title. Beyond all question, as between Kyle and Branner, the former only held the naked legal title, but Branner, in equity, was the owner of the shares. Before any lien fixed on these shares in favor of- Kyle’s creditors, he yields his legal title, surrenders his certificates to the executors. In any view of the question as to assignment of shares of stock, it could hardly be claimed that a creditor of Kyle, under the facts, could receive active aid to defeat the right -of parties so justly entitled. It would have been iniquitous in Kyle if he had sought to defeat the rights of Branner’s executors, and this iniquity would have repelled him from a court of equity. His creditors, with no lien-fixed before the transfer, ought not to stand any higher. A court of *81 equity cannot be-moved actively to intervene in favor of a claim that would work suck gross injustice.
To do so would be to make that court an agency for wrong, and the means of depriving meritorious parties of an advantage in favor of one who has no merit, [but] on the contrary, bases his claim on an assumed technical advantage that it would be iniquitous on the part of the court to enforce.
We do not think this can be done.
It is proper to add that we can see no possible advantage Co the creditor, nor any one else, that notice shall be given to the corporation or its officers. The corporation does not need it for its protection. It owes no debt — is - not liable to garnishment. The creditor with an execution is not aided or injured by it. Why give it, then, except on merely technical grounds, or rather on the assumption that it is an equity or a chose in action? Assume it is a chose in action, then it is orné evidenced by contract in writing, and may be transferred by transferring that evidence, as held m the case of Gayoso Savings Bank v. Fellows, 6 Cold., 467. Why wo should trammel the transfer of these certificates of stock to the detriment of the holders in using them in commercial transactions, we are unable to see.
There being no statute requiring transfer o'n the books of the corporation, nor notice to the company or officers of transfer of stock, we can see no advantage to any one by such notice. The corporation is not required to keep any record of such notice, nor to give any notice of the fact to any one; it can serve no good purpose practically to any one that it shall be'given'. A decree will be drawn in ac'eord with'this opinion. Costs of this court paid by complainants, or the parties using their names.